IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raqib Abdul Al-Amin, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 0:26-516-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Warden of Allendale, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner Raqib Abdul Al-Amin's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 5, 2026, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without requiring Respondent to file a return because it is successive and Petitioner filed it without first seeking the required pre-suit authorization from the Fourth Circuit. (ECF No. 15.) *See* 18 U.S.C. § 2244(b)(3).

Attached the Report was a notice advising of the right to file objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on March 16, 2026; Respondent filed a reply to Petitioner's objections on May 21, 2026, and the matter is ripe for review. (ECF No. 17.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**DISCUSSION**

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless an exception applies. *See* 28 U.S.C. § 2244(b)(2) (emphasis added). "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9, Rules Governing Section 2254 and 2255 Cases. In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

The "AEDPA does not define 'second or successive.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). Instead, a petition is successive if it challenges the same conviction that was challenged in the prior petition, and if the prior petition was adjudicated on the merits. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000)).

Here, as the Magistrate Judge explained in her Report, Petitioner previously filed a § 2254 petition challenging the same conviction in August of 2010, and summary judgment was granted in favor of Respondent. *See Al-Amin v. Stevenson*, No. 0:10-2023-CMC. Thus, the Magistrate Judge found that Petitioner cannot bring the instant petition without first seeking pre-suit authorization from the Fourth Circuit because it is a successive petition. (ECF No. 15 at 2.)

In his objections, Petitioner objects to the Magistrate Judge's analysis and asserts that the claim he presents in this petition – that the state court unreasonably violated the Double Jeopardy Clause – was not presented in his prior habeas corpus petition, and he further asserts that § 2244(b)(2) permits relief on this claim because it was previously unavailable and implicates constitutional error. (*See* ECF No. 17 at 6-7.) Next, Petitioner objects based on *Holland v. Florida*, 130 S.Ct. 2549 (2010), asserting that he is entitled to equitable tolling. (*Id.* at 8.) Lastly, Petitioner objects that he is actually innocent, although he alleges nothing else to support this assertion. (*Id.* at 9.)

After *de novo* review, the Court finds Petitioner's objections unavailing. As a practical matter, nowhere does Petitioner dispute that he filed a prior § 2254 petition, which was dismissed on the merits. "To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." *See Epps v. McCall*, No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013) (citing *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006)). Because the instant petition is successive, the Court lacks jurisdiction to consider it because Petitioner failed to obtain the required authorization from the Fourth Circuit Court of Appeals, and the Court finds that nothing in Petitioner's objections alters

this conclusion. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition). As the Magistrate Judge explained to Petitioner, he can request the forms for seeking authorization to file a second or successive habeas petition from the Clerk's Office for the Fourth Circuit Court of Appeals.

## CONCLUSION

For the foregoing reasons, the Court **adopts** the Magistrate Judge's Report (**ECF No. 15**); the Court **overrules** Petitioner's objections (**ECF No. 17**); and the Court **dismisses Petitioner's unauthorized, successive § 2254 petition without prejudice.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 18, 2026
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.